UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v | * | Criminal № 05-316-19 (ESH) |
| | * | |
| JUAN CARLOS GOMEZ SANTOS | * | |

**DEFENDANT GOMEZ'S OPPOSITION TO GOVERNMENT'S SUPPLEMENTAL MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME PENDING THE ARRIVAL OF CO-DEFENDANTS, TO EXCLUDE TIME GIVEN THE NATURE OF THE PROSECUTION, AND TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM FOREIGN COUNTRY**

Defendant, JUAN CARLOS GOMEZ SANTOS, by and through Joseph Virgilio, his court-appointed counsel, submits this opposition to the Government's supplemental motion under the Speedy Trial Act to exclude time and requests that the court deny the government's motion.

In support of this opposition, defendant states the following: Defendant was indicted in this case more than a year and a half ago, on February 22, 2006, by a federal grand jury in the District of Columbia and charged with conspiring to import five kilograms or more of cocaine into the United States and conspiring to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine would be unlawfully imported into the United States in violation of 21 USC § 959 and 963. According to the government, he has been in custody since on or about May 16, 2006, a period of approximately 16 months.

The events giving rise to the instant indictment allegedly took place in Brazil, Colombia, Mexico, Panama, the United States and elsewhere "[f]rom in or about January 1990 and continuing thereafter up to and including the date of the filing of this Superseding Indictment, the exact dates being unknown to the Grand Jury."

As their first grounds for excluding time under the Speedy Trial Act the government argues that the time should be excluded under 18 USC §3161(h)(7) because six of the co-defendants, not counting those on fugitive status, have yet to be extradited from Colombia. While the government indicates the status of each of the defendants named in the superseding indictment, omitted from the government's motion are the efforts expended by the United States to secure the presence of these six co-defendants remaining in Colombia and elsewhere since 2006 when the instant offense was concluded. In order for this court to exclude time under the speedy trial act this court should require that the United States make a showing of their diligence and efforts to secure the presence of the defendants in the United States in a timely manner.

The government has not presented any information to suggest that this is a complex case under 18 USC 3161(h)(8)(B)(ii). The government has presented no basis to support the conclusion that this case goes beyond being a small conspiracy to export cocaine.

**WHEREFORE**, for these reasons and any others the court may deem relevant, Mr. Gomez opposes the government's motion to exclude time under the Speedy Trial Act. Mr Gomez requests that the court deny the government's motion and set this matter for trial within the time contemplated under the Speedy Trial Act.

Respectfully submitted,

*Joseph Virgilio*

Joseph Virgilio (Bar № 237370)
1629 K Street NW
Suite 300
Washington DC  20006-1631
202.686.6914
*Attorney for Juan Carlos Gomez*
(Appointed by the Court)