IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No 05-316(ESH) |
| v. : | |
| : | |
| JUAN CARLOS GOMEZ : | |

**DEFENDANT'S MOTION IN LIMINE**

*COMES NOW,* Juan Carlos Gomez, the defendant, through undersigned counsel, and moves this Honorable Court preclude the government from introducing recorded hearsay telephone conversations. The following is support therein:

1.  In the government's May 6, 2008, correspondence to counsel, the government proposes to introduce 10 recorded telephone conversations. Of these calls, the government claims 5 contain Mr. Gomez's voice. The other calls contain the voice of unknown individuals. Government counsel has now provided final versions of Spanish/English transcripts/translations of 9 of these calls. In only one transcript, is one voice identified, that being a voice identified in the transcript as "Juan Carlos." It is unclear as to whose voice is whose in the rest of the calls provided by the government.

2.  The government has isolated the five calls it believes includes the voice of a "Juan Carlos Gomez." These calls are numbered 2204911, 3315507, 3353208, 3508207, 3550833. In the corresponding transcript/translation of call 2204911, one of the speakers is identified as "Juan Carlos," all other speakers are identified as MV1, MV2, etc. Regarding all the calls, undersigned has asked the government to inform the defense which voices they attribute to which speaker.

3.  Without conceding that this call contains the voice of the defendant in this case, the call should not be introduced into evidence at trial as it contains hearsay. There are two other unidentified speakers in this call. Any conversations that they have are not "statements

by a co-conspirator of a party during the course and in furtherance of the conspiracy." "A statement by a coconspirator of a party during the course and in furtherance of the conspiracy" may be admitted pursuant to Fed.R.Evid. 801(d)(2)(E). However, as such conversation does not fit within this rule, it cannot come in. There is no other exception to the hearsay rule that would apply. At this juncture, without the identities of the other speakers revealed, undersigned is not aware whether any of the other speakers are "co-conspirators" and even if they were, the statements made during this telephone call are not in furtherance of the conspiracy. "The 'in furtherance of' requirement of "801" is a limitation on what statements by co-conspirators may be admitted; mere narratives of past successes and failures, for example are not admissible." *United States v. Tarantino*, 846 F.2d 1384, 1412 (D.C. Cir. 1988) *citing United States v. Haldeman*, 559 F.2d 31, 110 (D.C. Cir. 1976) (en banc), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). A "conspirator's causal comments to people outside or inside the conspiracy" are not admissible under this rule either. *Tarantino*, supra, *citing United States v. Snider*, 720 F.2d 985, 992 (8th Cir. 1983) ,*cert. denied*, 465 U.S. 1107, 104 S.Ct. 1613, 80 L.Ed.2d. 142 (1984).

4. The transcript/translation referencing call number 3315507, lists three speakers. Although, included in the CD entitled "Juan Carlos Gomez," the transcript/translation, does not identify which of the three voices heard in the call may contain this defendant's voice. As to the other speakers who the government believes is not the defendant, their statements should also be precluded because again Fed.R.Evid. 801(d)(2)(E) does not apply and there is no other exception to the hearsay rule that would permit introduction of the statements.

5. In call labeled 3353208, the government contends one of the speakers is the defendant. There are only two speakers in this call, Mr. Gomez and an unidentified speaker.

6. Mr. Gomez contends that his voice is not heard in call 3508207. The transcript/translations list two unidentified male voices. The whole telephone call should be precluded from coming in at trial because the statements are hearsay and are not in furtherance of a conspiracy. There is much discussion about one participant having gone to the beach.

7. Likewise, call 3550833 does not contain the defendant's voice and the call should be precluded as containing hearsay. Introduction of the call would violate the hearsay rules.

8. Calls 2281020, 3550833, 3446691, 3817037 were not contained in the government's CD entitled "Juan Carlos Gomez" calls. It is unclear who these speakers are as the transcriptions/translations do not list the names of the speakers but only identify voices as MV1, MV2, etc. Based merely on the calls themselves, it is not clear that any of the conversations contain the voices of "co-conspirators" speaking during the course of and in furtherance of the conspiracy, therefore, all such calls should likewise be excluded.

*WHEREFORE*, for the foregoing reasons, and any others this Court deems relevant, Mr. Gomez requests the relief noted in this motion.

Respectfully submitted,

/s/

Elita C. Amato, Esq.
DC Bar # 442797
2009 N. Fourteenth Street., Suite 708
Arlington, VA 22201
(703) 522-5900

CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on May 8, 2008, causing service electronically upon on all parties in this case.

/s/
_____
Elita C. Amato