IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No.  cr- 05-316 (ESH) |
| ) | |
| PABLO RAYO MONTANO et al. ) | |

RESPONSE TO MOTION IN LIMINE

Comes the United States through Wayne Raabe, Acting Chief, Narcotic and Drug Dangerous Drug Section, and Paul W. Laymon, Donnell Turner, and Mary Mogavero, Trial Attorneys, Narcotic and Dangerous Drug  Section, and responds to the defendant's motion in limine.

Rule 12(b),  Fed.R.Crim.P, provides that a party may raise by pretrial motion any objection that the court can determine without a trial of the general issue.  Rule 12(d) provides that the court must decide every pretrial motion before trial unless it finds good cause to defer a ruling.

The government may (or may not) seek to introduce approximately 10 intercepted telephone calls involving either Jaime Micolta or Juan Carlos Gomez.  Defendant Gomez moved in limine to preclude the government from introducing five calls the government has indicated it may seek to introduce involving Gomez.  Defendant Gomez claims he is not a participant in two of those calls, numbers 3508207 and 3550833.  Both of those calls involve lead defendant Pablo Rayo talking to Hispanic males in March 2006.   The government has determined that it will not seek to introduce these two calls.

The defendant effectively concedes that he is a participant in some of the calls numbered 2204911, 3353208, and 3315507. The defendant Gomez is in fact a participant with the lead defendant, Pablo Rayo, in calls 3353208 and 3315507. Rayo and Gomez are the only participants in call number 3353208, while Rayo, Gomez, and a third party (codefendant Jose Arango) are heard in the call numbered 3315507. The call numbered 2204911 is a call involving Pablo Rayo and two other coconspirators. The government maintains the proof will show that these calls are clearly admissible pursuant to Rule 801(d), Federal Rules of Evidence. That is, Gomez' statements in the calls will be offered against him and are his own statements. Further the calls contain statements by Gomez' coconspirators during the course of and in furtherance of the conspiracy. Therefore, the statements are not hearsay and, being relevant, are otherwise admissible against Gomez. An alternative theory of admissibility as to the two calls involving Rayo and Gomez is that the two calls would not be admitted for the truth of the matter asserted, and are therefore not hearsay, are relevant to prove that Gomez and Rayo knew each other and discussed matters in code or cryptic conversation, and are admissible.

The remaining calls noted by defendant Gomez in his motion involve Jaime Micolta.

The government will not seek at trial to introduce any calls until it has established that a conspiracy existed and that the conspiracy included Micolta and Gomez. The government anticipates though, that at some appropriate point in the trial, it will seek to introduce some calls involving Micolta, Gomez, and others. The government's position as to the motion in limine is that the court cannot resolve the objections without a trial of the general issue, and therefore should defer any ruling until it has heard the evidence.

        Respectfully submitted,

        Paul W. Laymon  
        Trial Attorney  
        Narcotic and Dangerous Drugs  
        Department of Justice  
        1400 New York Avenue NW  
        Washington, DC 20005  
        202-514-1286 (work)  
        202-725-7741 (cell)  
        202-514-0483 (fax)  
        Email paul.laymon@usdoj.gov

A copy of this response was emailed to counsel Elita Amato and Eduardo Balarezo on this 23rd day of May, 2008.

        Paul W. Laymon