**FILED**
**JUN 3 0 2008**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 05-316 (ESH) |
| v. | : (19) |
| | : |
| JUAN CARLOS GOMEZ, | : |
| | : |
| Defendant. | : |

## PLEA AGREEMENT

1.  The Defendant, Juan Carlos Gomez, is charged in Count One of the Superseding Indictment with Conspiracy to Import Five Kilograms or more of Cocaine into the United States and Conspiracy to Distribute Five Kilograms or more of Cocaine in violation of Title 21, United States Code, Sections 952, 959, 960, and 963. The Defendant knowingly and voluntarily agrees with the United States, through the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice, to plead guilty to Conspiracy to Import Five Hundred (500) Grams of Cocaine into the United States, knowing or intending that such cocaine would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 (a), 960 (b)(2)(B), and 963.

2.  The Defendant understands that the crime to which the Defendant is pleading guilty carries a term of imprisonment of a minimum mandatory five years up to forty (40) years, a fine not to exceed $2,000,000, and a period of supervised release of at least four (4) years.

3.  The Defendant agrees to pay the Clerk of the United States District Court a special assessment of one hundred dollars ($100) per count of conviction. The defendant agrees that any special assessment imposed shall be paid at sentencing or as soon thereafter as possible.

4. The Defendant understands that the Court will follow the sentencing recommendation of the United States, as set out in paragraph five below, at the time of the Defendant's sentencing, only if the Court accepts the Defendant's plea of guilty as outlined in this agreement, in accordance with Federal Rule of Criminal Procedure 11 (c)(1)(c).

5. The parties agree that the Defendant will receive a sentence of confinement of 66 months in accordance with Federal Rule of Criminal Procedure 11 (c)(1)(c). This sentence takes into account the government's plea offer of 72 months with a reduction of 6 months pursuant to United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994), as the defendant is ineligible for half way house placement due to his citizenship status.. The parties agree that defendant has been in custody since May 16, 2006, and should receive credit for time served since that date. The Court may reject this recommendation, and if it does, the Defendant may withdraw his guilty plea or may persist in his guilty plea. If the plea is rejected by the Court and the Defendant persists in a guilty plea, the sentence could be up to 40 years confinement.

6. The Defendant agrees that, once the Defendant has entered his guilty plea, the Defendant cannot withdraw his guilty plea entered pursuant to this Plea Agreement, unless the Court does not accept the plea agreement. By entering a guilty plea, the Defendant gives up certain important rights, such as the right against self-incrimination, the right to present witnesses, and the right to a jury trial. The defendant also agrees to give up his right to a presentence report, and agrees that the court has sufficient information to render judgment against him.

7. The Defendant agrees to waive and to forfeit any right to appeal any pretrial motions which were raised in this case. The Defendant also agrees to waive any right to appeal his sentence. This provision applies as well to Title 28, United States Code, Section 2255. That

is, the Defendant also agrees to waive and forfeit any rights he may have, pursuant to Section 2255, to collaterally attack his plea or sentence.

8. The United States and the defendant reserve their rights of allocution in this case.

9. The Defendant agrees that he is accountable for more than 500 grams of cocaine. The parties agree that the Defendant is a criminal history Category I. Accordingly, the Defendant's guideline range is 63 to 78 months.

10. The evidence would show that in 1998 and 1999, defendant assisted Pablo Rayo, and others associated with Rayo, in moving more than 500 grams of cocaine from Colombia through Mexico and onto the United States. The evidence would show that the defendant, who lived in Colombia, would hold large amounts of United States currency which came from the sale of the cocaine in the United States. At the direction of Rayo and others, the defendant would hold the money until Rayo needed money for the purchase of cocaine or to pay for transportation of the cocaine to the United States. In addition, the evidence would show that the defendant assisted Rayo in arranging for transportation of the cocaine from the interior of Colombia to the Pacific coast of Colombia for transportation to Mexico. The defendant acknowledges that he knew or intended that the cocaine would eventually go to the United States.

11. This Plea Agreement binds the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice. It does not bind any other federal, state, or local authorities.

12. The Defendant represents to the Court that the Defendant is fully satisfied with Defendant's attorney.

13. The Defendant represents to the Court that no threats have been made against the

Defendant, that no promises (other than those set out in the Plea Agreement) have been made, and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

14. This Plea Agreement represents the entirety of the terms and conditions of the agreement between the Defendant and the United States. No agreements, understandings, promises, representation or conditions exits other than those contained in this Plea Agreement. No other agreements, understandings, promises, representations or conditions or changes to this Plea Agreement may be made or entered into unless in writing and signed by the parties. The English language version of the plea agreement is controlling.

_____          _____
JUAN CARLOS GOMEZ                                    ELITA C. AMATO

_____          30 JUN 08
PAUL W. LAYMON                                              DATE
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
WASHINGTON, D.C.