IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. cr- 05-316 (ESH) |
| | ) | |
| JUAN CARLOS GOMEZ | ) | |


<u>MOTION FOR RECONSIDERATION OF LEAVE TO FILE APPEAL</u>


Comes the United States through Wayne Raabe, Acting Chief, Narcotic and Drug Dangerous Drug Section, and Paul W. Laymon, Trial Attorney, Narcotic and Dangerous Drug Section, and moves the court to reconsider its order granting defendant leave to file a pro se appeal.

In a notice dated July 9, 2008, but filed July 24, 2008, defendant Gomez sought to appeal the judgment and sentence imposed on June 30, 2008.  On July 28, 2008, the court granted defendant leave to file his pro se appeal.

Defendant waived his right to appeal any pretrial motions and his sentence as part of his guilty plea.  The guilty plea was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c) and provided that defendant would be sentenced to 66 months based on his plea to conspiracy to import five hundred grams of cocaine into the United States.  The offense to which he pled carried a term of imprisonment of five years to forty years.

A defendant has a statutory right to appeal his sentence.  *See* 18 U.S.C. Section 3742. A defendant may appeal a sentence imposed in violation of the law or as a result of an incorrect application of the sentencing guidelines, or a sentence that is greater than that specified in the

applicable guideline range. *Id.* (Section 3742(c) further restricts appeal of a sentence imposed

under Rule 11(c)(1)(c).)   In general, in most of the federal circuits, voluntary waivers of appeal

are valid and enforceable. *See United States v. Koollos Phillips,* 205 F.Supp2d 995, 996-7

(N.D.Ind. 2002) (collected cases).   The D.C. Circuit Court of Appeals has apparently not

addressed this issue.  However, at least one federal court in the District of Columbia has partly

addressed the issue.  In *U.S. v. Raynor,* 989 F.Supp 43, 44-48 (D.D.C. 1997), Judge Friedman

opined that "a defendant can never knowingly and intelligently waive the right to appeal ... a

sentence that has not yet been imposed", except for a plea made pursuant to Rule 11(c)(1)(c).

Judge Friedman noted that, in the context of a  Rule 11(c) plea, the defendant may waive his

right to appeal in exchange for the imposition of a specific sentence imposed at the time the plea

agreement is entered.  *Id.* at 48.  In fact, Judge Friedman concluded that "if the court agrees with

that sentence, the defendant is precluded from filing a notice of appeal."  *Id.*

In the instant case, the defendant received the specific sentence he bargained for, 66

 months, a sentence which is within the statutory sentencing scheme of five to forty years, and a

sentence which is lower than the recommended guidelines sentence.  There is no indication that

the sentence reflects the use of a prohibited factor, such as race, a ground that courts will

generally allow a defendant to raise on appeal even where the defendant has been deemed to have

waived his right to appeal.  *See U.S. v. Han,* 181 F.Supp.2d 1039, 1040 (N.D.Cal 2002).

Defendant has not moved to annul his plea agreement, for example, by claiming that it was

involuntary.  To the contrary, the Court's guilty plea inquiry was thorough, and showed that the

defendant in fact pled guilty because he was guilty and that his plea was knowing and voluntary.

The Court explained the various provisions of the plea agreement, and the defendant testified that

he was not threatened or coerced into signing the agreement.

Because defendant knowingly and voluntarily agreed to this waiver, the waiver should

be enforced, the Court should reconsider its leave to file an appeal and enter an order denying

leave to file the appeal.


              ___-s-_____
              Paul W. Laymon _____
              Trial Attorney
_____  _____              Narcotic and Dangerous Drugs_
_____              Department of Justice
              1400 New York Avenue NW
              Washington, DC 20005
              202-514-1286 (work)
              202-725-7741 (cell)
              202-514-0483 (fax)
              Email paul.laymon@usdoj.gov


      A copy of this motion was emailed to defendant's counsel, Elita Amato, on this 30th day
of July, 2008.


              ___-s-_____
               Paul W. Laymon